

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Raúl Pérez Torres<br><br>    Peticionario<br><br>        v.<br><br>Academia Perpetuo Socorro y otros<br><br>    Recurridos | Certiorari<br><br>2011 TSPR 138<br><br>182 DPR _____ |

Número del Caso: CC        - 2010 - 695

Fecha: 26 de septiembre de 2011

Tribunal de Apelaciones:

    Región de San Juan, Panel II

Juez Ponente:
        Hon. Edgardo Rivera García

Abogada de la Parte Peticionaria:

        Lcda. Brenda Quiñones Bayrón

Abogado de la Parte Recurrida:


        Lcda. María Eugenia Rodríguez López

Materia:    Exploración a la Inversa y Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a    la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Raúl Pérez Torres

    Peticionario

       v.                      CC-2010-695     Certiorari

Academia Perpetuo Socorro
y otros

    Recurridos


Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo


San Juan, Puerto Rico, a 26 de septiembre de 2011.

En esta ocasión nos corresponde resolver si, a la luz de las Reglas de Procedimiento Civil de 1979 (vigentes a la fecha en que se dictó la orden recurrida), el tribunal de instancia tenía la autoridad para imponer una sanción económica interlocutoria al peticionario <u>a favor de la parte contraria en el pleito.</u> Evaluada la controversia, resolvemos que la sanción impuesta por el tribunal de instancia no estaba contemplada en las mencionadas reglas ni en la jurisprudencia.

De igual forma, como norma general las Reglas de Procedimiento Civil de 2009 tampoco contemplan la autoridad del foro de instancia para imponer de

forma interlocutoria una sanción económica a una parte a favor de la parte contraria en el pleito. La única excepción a esa norma es cuando el Estado Libre Asociado de Puerto Rico, sus agencias, corporaciones o instrumentalidades tuvieran una conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia, en cuyo caso el tribunal podrá imponer la sanción económica interlocutoria y ésta se concederá <u>a favor de la parte contraria en el pleito.</u>

En el presente caso el señor Raúl Pérez Torres (Sr. Pérez Torres o peticionario) nos solicita que revoquemos una resolución[1] dictada por el Tribunal de Apelaciones mediante la cual ese foro denegó la expedición del auto de *certiorari* solicitado por el peticionario. El Sr. Pérez Torres interesaba que el Tribunal de Apelaciones revocara una orden emitida por el Tribunal de Primera Instancia, Sala de San Juan, en la que se le ordenó consignar $13,937.50 para satisfacer los honorarios de abogado en los que incurrió la parte demandada en preparación para el juicio en su fondo.

Por las razones que discutimos más adelante, se expide el recurso de *certiorari*, se revoca la determinación del Tribunal de Apelaciones y se deja sin efecto la orden dictada por el tribunal de instancia. Los hechos sobre los

---

[1] El Tribunal de Apelaciones tituló su decisión como una "Sentencia" cuando en realidad ésta constituye una "Resolución" conforme a la Regla 11(C) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII. En este caso dicho foro apelativo denegó la expedición del auto solicitado, por lo que esa determinación final se denomina "resolución".

cuales fundamentamos nuestra determinación se detallan a continuación.

I

En diciembre de 2004 el Sr. Pérez Torres presentó una demanda sobre incumplimiento de contrato en contra de la Academia del Perpetuo Socorro (Academia), la Iglesia Católica y la Orden de Hermanas de Notre Dame (en adelante, todas son la parte recurrida). Específicamente, el peticionario adujo que la parte recurrida había incumplido el deber de informarle acerca de cualquier cambio en la conducta de sus dos hijas, que fuera de naturaleza grave o que mereciera una pronta atención.

Como parte del descubrimiento de prueba, la Academia solicitó examinar el expediente preparado por el entonces Departamento de Servicios Sociales respecto a un incidente de remoción de las dos hijas del Sr. Pérez Torres.[2] Ante esa petición, el foro de instancia notificó a ambas hijas y les permitió presentar las objeciones que fueran necesarias para proteger la confidencialidad de los documentos a examinarse. Sólo compareció una de ellas y ésta solicitó intervenir en el pleito, lo que fue aceptado por el tribunal de instancia.

En febrero de 2009 las partes anunciaron que el descubrimiento de prueba había culminado. Así, pues, en

---

[2] Según consta del expediente, el incidente de remoción ocurrió en 1995 y el Sr. Pérez Torres era el único con patria potestad sobre las menores ante el fallecimiento de la madre de éstas. Véase Apéndice de la Petición de *certiorari*, págs. 51-52. Valga mencionar que para la fecha en que se presentó la demanda ya las hijas del Sr. Pérez Torres eran mayores de edad.

abril de 2009 el foro de instancia celebró la conferencia con antelación al juicio. En dicha vista, la Academia anunció como testigo a la hija interventora, a lo que se opuso el peticionario. No obstante, el tribunal de instancia permitió que el peticionario tomara una deposición a esa testigo y ordenó que ésta se realizara el día señalado para el comienzo del juicio en su fondo (27 de abril de 2009), pero mantuvo en vigor el señalamiento del juicio para los días 28, 29 y 30 de abril de 2009, y 1 de mayo del mismo año.

Unos días antes de la fecha pautada para la deposición, la parte recurrida se opuso a que ésta se realizara. Específicamente, solicitó la cancelación de la misma y, en la alternativa, pidió que se limitara el alcance de las preguntas dirigidas a la hija interventora. Además, solicitó que el Sr. Pérez Torres no estuviera presente durante la toma de deposición.

Llegado el día de la deposición, la abogada de la hija interventora manifestó que se oponía a la toma de deposición y solicitó una orden protectora para que ésta no se realizara. La representante legal fundamentó su oposición en que el Sr. Pérez Torres había tenido la oportunidad de realizar descubrimiento de prueba y los asuntos a discutirse ya estaban incluidos en una contestación a interrogatorio y en una declaración jurada.

Así las cosas, el foro de instancia ordenó la toma de deposición a la hija interventora e impuso ciertas

restricciones para regular dicho procedimiento. En particular, el tribunal manifestó que la deposición no podía exceder el ámbito de una declaración jurada suscrita por la joven el 23 de febrero de 2009 y una contestación a interrogatorio del 15 de abril de ese mismo año. A su vez, el foro de instancia reiteró que el testimonio de la joven en el juicio también se limitaría a esos dos asuntos: la declaración jurada y la contestación a interrogatorio. Sin embargo, el peticionario no estuvo conforme con las limitaciones a la deposición, por lo que solicitó reconsideración en corte abierta y la paralización de la toma de deposición. Además, pidió que el tribunal pusiera su dictamen por escrito.

Así las cosas, el foro de instancia denegó la petición de reconsideración, por lo que el Sr. Pérez Torres decidió abandonar la toma de deposición. Mediante una Minuta-Resolución, el tribunal de instancia hizo constar que el señalamiento de juicio en su fondo continuaba vigente para el día siguiente, el 28 de abril de 2009.[3] Llegado ese día, comparecieron al tribunal la hija interventora, las partes y sus respectivas abogadas. De inmediato la representante legal del peticionario informó que había presentado ante el Tribunal de Apelaciones una petición de *certiorari* y una moción en auxilio de jurisdicción para que se paralizara el inicio del juicio hasta tanto ese foro apelativo resolviera su

---

[3] Apéndice de la Petición de *certiorari*, pág. 66.

solicitud. Así, pues, el tribunal de instancia pospuso el comienzo del juicio para horas de la tarde y señaló que si el Tribunal de Apelaciones no paralizaba los procedimientos entonces el desfile de prueba comenzaría con el testimonio del demandante, el Sr. Pérez Torres. Finalmente, ese foro apelativo denegó tanto la moción en auxilio de jurisdicción como el recurso de *certiorari*.

Una vez el tribunal de instancia reanudó los procedimientos en la tarde del 28 de abril de 2009, el Sr. Pérez Torres indicó que había solicitado reconsideración al Tribunal de Apelaciones, ya que alegaba que la decisión de ese foro estuvo basada en que la deposición en controversia se había tomado el día anterior cuando en realidad ésta nunca se realizó.[4] Así, pues, la abogada del peticionario manifestó que responsablemente no podía entrar a ver el juicio en su fondo debido a que su cliente le había solicitado que siguiera apelando. Según consta de la Minuta-Resolución del 28 de abril de 2009, el foro de instancia indicó lo siguiente en corte abierta:

> Este Tribunal está listo para ver el caso y hoy es el día que la parte demandante tiene señalado su caso. Se le dio oportunidad para tomar una deposición. No tomaron la misma por razones que la licenciada Quiñones Bayrón entendió que eran prudentes, correctas y adecuadas. Pero, la obligación de este Tribunal era darle esa oportunidad. Se declinó esa oportunidad, este Tribunal no tiene nada más que decir. <u>El Tribunal no puede obligar al demandante a testificar, lo único que le</u>

---

[4] En su resolución del 28 de abril de 2009, el Tribunal de Apelaciones señaló lo siguiente: "Conforme surge del expediente, la deposición fue tomada en la fecha acordada en el TPI". Apéndice de la Petición de *certiorari*, pág. 72.

advierte es que va a tener la posición del demandante de no estar dispuesto a que se le tome juramento y desfilar la prueba como falta de interés para continuar su caso. Una vez haya un Tribunal de mayor jerarquía que resuelva si su negativa a que el Tribunal le tome juramento y se inicie el desfile de la prueba hoy es razonable o irrazonable, este Tribunal determinará qué consecuencias conlleva el que el demandante haya sido citado para escuchar la prueba y se haya negado a que se le tome juramento para testificar.[5] (Énfasis suplido.)

Ante las expresiones del tribunal de instancia, la representante legal del Sr. Pérez Torres señaló que no era cierto que su cliente no tuviese interés en el pleito, sino que entendía que no se debía comenzar el juicio en su fondo toda vez que ello podía provocar la academicidad de los planteamientos en apelación. Estas expresiones de la abogada del peticionario fueron consideradas por el tribunal de instancia como una solicitud de reconsideración, la cual fue denegada.

Luego de que el Tribunal de Apelaciones denegara la moción de reconsideración del Sr. Pérez Torres, éste presentó un recurso de *certiorari* ante nuestra consideración, pero en noviembre de 2009 denegamos la expedición del mismo. Ante la culminación del trámite apelativo, el 14 de enero de 2010 el peticionario solicitó al foro de instancia que continuara los procedimientos y expidiera una citación para deponer a la hija interventora. Sin embargo, el tribunal de instancia denegó la solicitud

---

[5] Apéndice de la Petición de *certiorari*, pág. 68.

hasta que el Sr. Pérez Torres mostrara causa por la cual no se debía desestimar su caso por éste "haberse negado a iniciar el desfile de la prueba en la fecha en que estaba señalado el juicio en su fondo".[6]   Entonces, en enero de 2010 el peticionario —en cumplimiento de orden- expresó que nunca se negó a desfilar prueba y que sólo estaba ejerciendo su derecho a apelar la decisión del tribunal de instancia.   Así, pues, dicho foro ordenó que la parte recurrida y la hija interventora se expresaran en cuanto a la moción en cumplimiento de orden presentada por el Sr. Pérez Torres.   Luego de evaluar los argumentos de ambas partes, el 6 de abril de 2010 el foro de instancia denegó la moción del peticionario y expresó lo siguiente:

> No permitiremos el desfile de prueba al menos que la parte demandante pague todos los honorarios de abogado incurridos por la parte demandada en la preparación del juicio en su fondo que debió iniciarse el 28 de abril de 2009. Provea la parte demandada un desglose de los honorarios incurridos para exigir el pago de los mismos como sanción a la parte demandante [al] negarse a desfilar la prueba para sostener sus alegaciones a pesar de que el Tribunal de Apelaciones denegó la moción en auxilio de jurisdicción presentada ante este foro y después de las múltiples advertencias del Tribunal de las consecuencias de su negativa a continuar los procedimientos según previamente pautados. La parte demandada debe someter informe de honorarios de abogado en diez días. (Énfasis suplido.)[7]

Inconforme con la decisión del tribunal de instancia, la parte recurrida solicitó reconsideración bajo el

---

[6] Apéndice de la Petición de *certiorari*, págs. 82-83.

[7] Apéndice de la Petición de *certiorari*, pág. 102.

fundamento de que lo procedente en derecho era la desestimación de la demanda con perjuicio y no la imposición del pago de honorarios de abogado. Añadió que procedía una sentencia desestimatoria con la imposición de costas y honorarios de abogado.[8] A su vez, el 27 de abril de 2010 el Sr. Pérez Torres solicitó reconsideración al tribunal de instancia y reiteró su petición de que se expidiera una citación para deponer a la hija interventora.

En relación con la "Moción en cumplimiento de orden, de reconsideración y para que se desestime la demanda con perjuicio" presentada por la parte recurrida, el 28 de abril de 2010 el foro de instancia emitió una orden en la que dispuso lo siguiente: "Muestre causa la parte demandante por l[a] cual no debemos acceder a lo aquí solicitado o, en la alternativa, que se le ordene pagar los honorarios de abogado invertidos por la parte demandada en la preparación de un juicio que no se pudo celebrar por su negativa a desfilar la prueba, lo que ascendía a $13,937.50. Tiene diez días". (Énfasis suplido.)[9]

El 3 de mayo de 2010 el tribunal de instancia declaró no ha lugar la petición de reconsideración del Sr. Pérez Torres y señaló que ante la denegatoria del Tribunal de Apelaciones a su moción en auxilio de jurisdicción, el señalamiento de juicio en su fondo continuaba vigente y su

---

[8] Según surge de la solicitud de reconsideración, la parte demandada incluyó un desglose de los servicios profesionales rendidos en la preparación para la vista en su fondo. Véase Apéndice de la Petición de *certiorari*, pág. 108.

[9] Apéndice de la Petición de *certiorari*, pág. 120.

obligación era desfilar la prueba. Además, el foro de instancia remitió al peticionario a la orden del 28 de abril de 2010.[10] Así, pues, en cumplimiento con dicha orden de mostrar causa, el 7 de mayo de 2010 el Sr. Pérez Torres reiteró su derecho a apelar una determinación que consideraba errónea y solicitó la continuación del juicio en su fondo.

Finalmente, mediante una orden del 12 de mayo de 2010 el tribunal de instancia dispuso lo siguiente en torno al peticionario:

> Consigne $13,937.50 en 30 días para satisfacer los honorarios de abogado incurridos por la parte demandada en prepararse para el juicio en su fondo en el cual la parte demandante se negó a desfilar la prueba necesaria para adjudicar su causa de acción. El incumplimiento de esta Orden conllevará la desestimación de la Demanda con perjuicio… (Énfasis suplido.)[11]

Así las cosas, el peticionario recurrió de dicha orden al Tribunal de Apelaciones, pero ese foro denegó la expedición del recurso en junio de 2010. Específicamente, el Tribunal de Apelaciones indicó que el foro de instancia no erró al exigirle a la abogada del Sr. Pérez Torres que se comenzara con el desfile de prueba. Fundamentó que

---

[10] Apéndice de la Petición de *certiorari*, pág. 119. Dicha orden expresa lo siguiente:
"Muestre causa la parte demandante por l[a] cual no debemos acceder a lo aquí solicitado o, en la alternativa, que se le ordene pagar los honorarios de abogado invertidos por la parte demandada en la preparación de un juicio que no se pudo celebrar por su negativa a desfilar la prueba, lo que ascendía a $13,937.50. Tiene diez días".
Apéndice de la Petición de *certiorari*, pág. 120.

[11] Apéndice de la Petición de *certiorari*, pág. 39.

"… considerando que la postura de dicha parte causó el retraso injustificado de la celebración del juicio de autos, y ciertamente gastos legales innecesarios para la Academia y para la parte interventora, resolvemos que el tribunal de instancia no cometió el error imputado".[12]

Inconforme con la decisión del Tribunal de Apelaciones, el 6 de agosto de 2010 el Sr. Pérez Torres presentó un recurso de *certiorari* ante esta Curia. En particular, el peticionario señaló que el Tribunal de Apelaciones cometió los dos errores siguientes:

> **(1) al considerar que las sanciones económicas impuestas no son excesivas y que el foro de instancia tiene absoluta discreción para la imposición de las mismas, y**
>
> **(2) al determinar que el peticionario debía comenzar el juicio sin que se hubiese finalizado el descubrimiento de prueba.**

Así, pues, el Sr. Pérez Torres solicitó la revocación de la decisión del Tribunal de Apelaciones, la eliminación o reducción de la sanción económica impuesta y la continuación de los procedimientos en el tribunal de instancia para que así se pudiera culminar el descubrimiento de prueba.

Más adelante, el 24 de agosto de 2010 el tribunal de instancia emitió una orden en la que dispuso lo siguiente:

> Vista la "MOCION CONSIGNANDO PAGO DE SANCIONES Y SOLICITANDO ORDEN" presentada por la parte demandante el 17 de agosto de 2010, disponemos como sigue:

---

[12] Apéndice de la Petición de *certiorari*, págs. 10-11.

Se aprueba la consignación. Expídase un cheque a nombre de la parte demandada Academia del Perpetuo Socorro por la totalidad de lo consignado. Señalamos una Conferencia a celebrarse el 27 de octubre de 2010 a las 3:00 p.m. para re-estructurar los procedimientos. (Énfasis omitido.)[13]

A raíz de esta determinación del foro de instancia, el 1 de septiembre de 2010 el peticionario presentó una moción en auxilio de jurisdicción mediante la cual nos solicitó la paralización de dicha orden, ello para evitar la disposición de los fondos consignados ($13,937.50) y que se convirtiera en académica cualquier decisión de este Foro.

Mediante resolución del 28 de septiembre de 2010, este Tribunal ordenó lo siguiente: (1) la paralización de los efectos de la orden emitida el 24 de agosto de 2010 para que se expidiera el cheque por $13,937.50 a favor de la Academia, (2) la continuación de los procedimientos en el foro de instancia mientras resolvíamos la controversia ante nuestra consideración, y (3) que la parte recurrida mostrara causa por la cual no debíamos revocar la decisión del Tribunal de Apelaciones.

Entonces, en octubre de 2010 la parte recurrida presentó una moción en cumplimiento de orden en la que indicó que tanto el foro de instancia como el Tribunal de Apelaciones habían incurrido en grave error al determinar que la suma de $13,937.50 era una sanción económica suficiente para condenar la actuación del peticionario,

---

[13] Véase Moción urgente en auxilio de jurisdicción presentada el 1 de septiembre de 2010 por el Sr. Pérez Torres.

ello en lugar de desestimar la demanda con perjuicio e imponer el pago de honorarios de abogado, costas y otros gastos generados durante el litigio.

Luego de evaluar el recurso de *certiorari* presentado por el Sr. Pérez Torres y la moción para mostrar causa de la parte recurrida, procedemos a resolver la controversia del caso de epígrafe.

II

Las sanciones en la litigación civil

En nuestro ordenamiento procesal civil existen varias reglas que confieren a los tribunales la autoridad de imponer sanciones. En particular, en las Reglas de Procedimiento Civil de 1979 -vigentes a la fecha en que el tribunal de instancia emitió la orden recurrida- hallamos las Reglas 37.3 y 44.2, 32 L.P.R.A. Ap. III, R. 37.3 y R. 44.2. Éstas tienen sus equivalentes en las Reglas 37.7 y 44.2 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 37.7 y 44.2. Veamos.

La Regla 37.3 de Procedimiento Civil de 1979, *supra*, indicaba que si una parte incumple una orden del tribunal, no comparece, se niega a participar o comparece sin estar preparado, ya sea a una conferencia preliminar al juicio o a la conferencia entre abogados, el tribunal podría desestimar la demanda, eliminar las alegaciones del demandado, condenar al pago de costas y honorarios de abogado o dictar una orden que fuese justa. Por su parte, la Regla 37.7 de Procedimiento Civil de 2009, *supra*,

dispone que si una parte o su abogado incumple con los términos y señalamientos de dicha regla, o incumple cualquier orden del tribunal para el manejo del caso, sin que medie justa causa, entonces el tribunal impondrá a la parte o a su abogado la sanción económica que corresponda.

Por otro lado, la Regla 44.2 de Procedimiento Civil de 1979, *supra*, señalaba que el tribunal podría "imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa <u>a una parte y a favor del Estado</u> por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". (Énfasis suplido.)[14] Como ha expresado esta Curia, el propósito de esta regla es "proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales". <u>Lluch v. España Service Sta.</u>, 117 D.P.R. 729, 748-749 (1986).

Por su parte, la actual Regla 44.2 de Procedimiento Civil de 2009, *supra*, establece lo siguiente:

> El tribunal podrá imponer costas interlocutorias a las partes y <u>sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.</u> El pago de tales conceptos se llevará a cabo por medios electrónicos o cualquier otro

---

[14] En referencia a la Regla 44.2 de Procedimiento Civil de 1979, *supra*, el tratadista José A. Cuevas Segarra nos expresa que "[l]a peculiaridad de esta regla es que <u>la sanción que se impone no es a favor de la parte adversa, sino del Estado Libre Asociado de Puerto Rico…</u>". (Énfasis suplido.) J. A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Pubs. J.T.S., 2000, T. II, 740.

método o instrumento que el Juez Presidente o Jueza Presidenta del Tribunal Supremo adopte, en coordinación con el Secretario o Secretaria de Hacienda. Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados(as) ingresarán al Fondo Especial de la Rama Judicial creado mediante la Ley Núm. 235 de 12 de agosto de 1998, según enmendada, para ser utilizados de la forma y para los fines allí dispuestos. (Énfasis suplido.)

De lo anterior surge que el tribunal puede tomar dos acciones correctivas interlocutorias. En primer lugar, puede imponer, en ciertas circunstancias, costas interlocutorias a favor de una parte para reembolsar un gasto extraordinario innecesario en el que tuvo que incurrir a causa de la otra parte. En segundo lugar, como ocurrió en este caso, el tribunal puede imponer sanciones económicas interlocutorias. Como se desprende claramente del texto, la nueva regla añadió, en primer lugar, el que tales sanciones económicas se podrán imponer no sólo a las partes, sino ahora también a los abogados. Además, la regla señala que las cantidades recaudadas por tales sanciones económicas ingresarán ahora al Fondo Especial de la Rama Judicial, para que éstas sean utilizadas conforme a los fines dispuestos en la Ley Núm. 235 de 12 de agosto de 1998, según enmendada. Finalmente, la regla expone que las sanciones que se impongan al Estado o sus agencias, corporaciones o instrumentalidades se concederán a favor de la parte contraria en el pleito. Con relación a esto último, el Comité Asesor Permanente de Reglas de

Procedimiento Civil propuso el siguiente lenguaje para la Regla 44.2:

> El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa a una parte y a favor del Estado **o sanciones económicas contra el Estado y a favor de una parte**, por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. (Énfasis en el original.)[15]

En los comentarios a la mencionada regla, el Comité Asesor Permanente indicó que "[la] regla se enmendó a los fines de aclarar que el Estado también está sujeto a ser sancionado por conducta constitutiva de demora, inacción, abandono, obstrucción o por falta de diligencia, ya que el Comité consideró que éste también tiene un deber de promover y cooperar con la solución rápida de los litigios, por lo que deberá asumir las consecuencias de su incumplimiento".[16]

**De manera que, ni la regla vigente al momento de darse las circunstancias procesales que nos ocupan ni la regla actual permiten la imposición de una sanción interlocutoria a una parte cuando tal sanción es pagadera a la parte contraria en el pleito.** La actual Regla 42.2 sólo concede tal instancia cuando la sanción se le impone al Estado.

---

[15] Valga aclarar que este lenguaje propuesto por el Comité Asesor Permanente de Reglas de Procedimiento Civil fue modificado y la regla se aprobó con un lenguaje diferente.

[16] Véase Informe de Reglas de Procedimiento Civil, marzo de 2008, Secretariado de la Conferencia Judicial y Notarial, págs. 529-530.

III

En vista de que mediante nuestra resolución del 28 de septiembre de 2010 ordenamos la continuación de los procedimientos en el foro de instancia, pues sólo teníamos que resolver el asunto colateral relacionado con la orden de consignación de $13,937.50 para satisfacer los honorarios de abogado incurridos por la parte recurrida, resulta innecesario discutir el segundo error planteado por el Sr. Pérez Torres.

Así las cosas, sólo corresponde atender el primer señalamiento de error, el cual se circunscribe a determinar si el tribunal de instancia tenía la autoridad para imponer una sanción económica interlocutoria al peticionario a favor de la parte contraria en el pleito. ¿Fue válida la actuación del foro de instancia? Determinamos que no. Veamos.

Según surge del expediente, a través de una orden del 6 de abril de 2010 el foro de instancia indicó que no permitiría el desfile de prueba a menos que el Sr. Pérez Torres pagara todos los honorarios de abogado en los que hubiera incurrido la parte recurrida en la preparación para el juicio en su fondo. Como parte de dicha determinación, el tribunal de instancia le ordenó a la parte recurrida que proveyera un desglose de los honorarios incurridos y presentara el informe de honorarios de abogado en el término de diez días. En particular, el lenguaje del foro de instancia fue el siguiente: "Provea la parte demandada

un desglose de los honorarios incurridos para exigir el pago de los mismos <u>como sanción</u> a la parte demandante…". (Énfasis suplido.)[17]

Posteriormente, el 28 de abril de 2010 el foro de instancia le ordenó al peticionario que mostrara causa por la cual no procedía la desestimación de su demanda con perjuicio o, en la alternativa, que se le ordenara pagar los honorarios de abogado invertidos por la parte demandada, lo que ascendía a $13,937.50.

El Sr. Pérez Torres presentó su moción en cumplimiento de orden, mas el 12 de mayo de 2010 el tribunal de instancia emitió la orden recurrida. En ésta claramente se dispuso que el peticionario tenía que consignar la suma de $13,937.50 "para satisfacer los honorarios de abogado incurridos por la parte demandada en preparase para el juicio en su fondo…".[18]

Luego de examinar en conjunto las órdenes emitidas por el foro de instancia el 6 de abril de 2010, el 28 de abril de 2010 y el 12 de mayo de 2010 (la orden recurrida), se puede razonablemente deducir que estamos ante una situación de sanciones económicas interlocutorias impuestas a una parte a favor de la parte contraria en el pleito. Ello se puede colegir de la orden emitida el 6 de abril de 2010 cuando el tribunal de instancia indicó lo siguiente:

> Provea la parte demandada un desglose de los honorarios incurridos para exigir el pago

---

[17] Apéndice de la Petición de *certiorari*, pág. 102.

[18] Apéndice de la Petición de *certiorari*, pág. 39.

de los mismos <u>como sanción</u> a la parte demandante [al] negarse a desfilar la prueba para sostener sus alegaciones a pesar de que el Tribunal de Apelaciones denegó la moción en auxilio de jurisdicción presentada ante ese foro y después de las múltiples advertencias del Tribunal de las consecuencias de su negativa a continuar los procedimientos según previamente pautados. La parte demandada debe someter informe de honorarios de abogado en diez días. (Énfasis suplido.)[19]

Del lenguaje utilizado por el tribunal de instancia en las mencionadas tres órdenes se desprende que la intención de dicho foro era sancionar al peticionario debido a que éste "se negó a desfilar la prueba necesaria para adjudicar su causa de acción".[20] Esto es, el foro de instancia impuso una sanción económica interlocutoria al Sr. Pérez Torres e indicó que sería para "satisfacer los honorarios de abogado incurridos por la parte demandada en prepararse para el juicio en su fondo…".[21]

Primero, es importante enfatizar el hecho de que la Regla 44.2 de Procedimiento Civil de 1979, *supra*, no contemplaba la imposición de una sanción económica interlocutoria a una parte a favor de la parte contraria en el pleito. En la referida regla, vigente a la fecha en que se dictó la orden recurrida, se establecía que el tribunal podía imponer sanciones económicas "en todo caso y en cualquier etapa a una parte y a favor del Estado…". Pero en el presente caso, el foro de instancia no expresó que

---

[19] Apéndice de la Petición de *certiorari*, pág. 102.

[20] Apéndice de la Petición de *certiorari*, pág. 39.

[21] Íd.

sería una sanción económica interlocutoria a favor del Estado, sino que sería para satisfacer los honorarios de abogado incurridos por la parte adversa, la parte recurrida. Por lo tanto, la actuación del Tribunal de Primera Instancia no encuentra fundamento en la Regla 44.2 de Procedimiento Civil de 1979, *supra*.

Segundo, tampoco puede la actuación del foro de instancia fundamentarse en la Regla 37.3 de Procedimiento Civil de 1979, *supra*, pues la sanción impuesta por dicho tribunal no fue debido a que el peticionario no compareciera, se negara a participar o compareciera sin estar preparado, ya fuera a la conferencia preliminar al juicio o a la conferencia entre abogados.

Resolvemos, pues, que en este caso la sanción económica interlocutoria impuesta por el foro de instancia al peticionario a favor de la parte contraria en el pleito, es improcedente.

IV

Por las razones antes expresadas, este Tribunal expide el recurso de *certiorari*, revoca la determinación emitida por el Tribunal de Apelaciones y, a su vez, deja sin efecto la orden dictada por el Tribunal de Primera Instancia. Procede, entonces, la devolución al Sr. Pérez Torres de los fondos ascendentes a $13,937.50 que éste consignó en la Secretaría del Tribunal de Primera Instancia, Sala de San Juan.

Se dictará sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Raúl Pérez Torres

    Peticionario

       v.                    CC-2010-695     Certiorari

Academia Perpetuo Socorro
y otros

    Recurridos


SENTENCIA


San Juan, Puerto Rico, a 26 de septiembre de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la determinación emitida por el Tribunal de Apelaciones y, a su vez, se deja sin efecto la orden dictada por el Tribunal de Primera Instancia. Procede, entonces, la devolución al Sr. Raúl Pérez Torres de los fondos ascendentes a $13,937.50 que éste consignó en la Secretaría del Tribunal de Primera Instancia, Sala de San Juan.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión:

Concurro con el resultado por entender que en este caso no procedía la sanción impuesta por el Tribunal de Primera Instancia. No obstante, difiero del razonamiento de este Tribunal porque considero que los jueces tienen la facultad de imponer sanciones no solamente a favor del Estado, sino a favor de una de las partes, en aquellas circunstancias en que ello sea necesario para garantizar una administración eficiente de la

justicia. Esto, como corolario del poder de los jueces para tomar medidas dirigidas a mantener el orden en los procedimientos y procurar el cumplimiento de sus providencias. Artículo 2.017 de la Ley de la Judicatura, Ley Núm. 201 del 22 de agosto de 2003, 4 L.P.R.A. sec. 24*o*.

Además, sostengo que aunque las Reglas de Procedimiento Civil de 1979, aplicables en este caso, no mencionan expresamente que los tribunales puedan imponer sanciones a una parte a favor de otra parte, nuestro ordenamiento procesal civil es lo suficientemente flexible como para contemplar una sanción de este tipo. *Véase, Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. 679 (1987); José Cuevas Segarra, *Tratado de derecho procesal civil,* Publicaciones JTS, San Juan, 2000, T.2, pág. 740.

Estimo además que si el Tribunal de Apelaciones está facultado para sancionar económicamente a una parte a favor de otra parte, cuando determine que el recurso ante su consideración es frívolo, que se presentó para retrasar los procedimientos, o que existe conducta constitutiva de demora, abandono, obstrucción o falta de diligencia, Artículo 4.008, Ley Núm. 201 del 22 de agosto de 2003, 4 L.P.R.A. sec. 25, igual facultad debemos reconocer al Tribunal de Primera Instancia. Después de todo, es este último quien enfrenta, junto a la parte afectada, los perjuicios ocasionados por la conducta que da paso a la sanción.

La Jueza Asociada señora Pabón Charneco emitió Opinión Disidente a la cual se une el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Rivera García no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Raúl Pérez Torres

    Peticionario

                                    *Certiorari*

    v.

Academia Perpetuo Socorro      CC-2010-695
y otros

    Recurrida

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco a la que se une el Juez Asociado señor Feliberti Cintrón

En San Juan, Puerto Rico, a 26 de septiembre de 2011.

Disiento respetuosamente de la Opinión emitida por este Tribunal, pues no debemos intervenir con la discreción del foro primario sin manifestarse craso abuso de discreción, prejuicio o parcialidad, o equivocación alguna en la aplicación de una norma.

Por el contrario, la sanción impuesta por el tribunal sí está contemplada por la Regla 44.2 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III (2001).[22] Aunque en principio las

---

[22] Las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III (2001), estaban vigentes al momento de dictarse la orden recurrida.

sanciones interlocutorias son en beneficio del Estado, los tribunales tienen facultad para imponer sanciones a favor de la parte afectada por la conducta sancionada, integrante esencial del sistema adversativo de justicia.

I

En nuestro ordenamiento procesal prevalece el criterio rector de que las controversias deben resolverse de forma justa, rápida y económica. Regla 1 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III (2001); *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986). No obstante, en ocasiones las partes entorpecen este objetivo. Es por ello que las Reglas de Procedimiento Civil de 1979 autorizan a los tribunales a imponer diversas sanciones por incidentes interlocutorios con el propósito de compensar ya sea a una parte o al Estado por los gastos incurridos por una infracción procesal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, págs. 183-186.

A tales efectos, diversas reglas de procedimiento civil autorizan la imposición de costas y honorarios de abogado, entre otras sanciones.[23] Estas sanciones se diferencian de nuestra concepción general de costas y honorarios, *inter alia*, por ser interlocutorias y concedidas por motivo de los gastos incurridos tras la

---

[23] Véanse, por ejemplo las Reglas 23.2, 27.9, 34.1, 34.3, 34.4, 36.7, 37.3 y 44.2 de las Reglas de Procedimiento Civil de 1979, *supra*.

infracción procesal, y no por ser la parte sancionada perdidosa o temeraria. Por lo tanto, son costas y honorarios *sui generis*, aunque para su interpretación también se nutran de la jurisprudencia general aplicable.[24] No obstante, cada una de estas reglas ha sido dirigida a un momento procesal particular, ya sea el descubrimiento de prueba, las conferencias con antelación a juicio o de abogados.

En el caso particular de la Regla 44.2 de las Reglas de Procedimiento Civil de 1979, *supra*, ésta aplica a cualquier etapa del procedimiento y dispone que:

> El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa a una parte y a favor del Estado por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.[25]

---

[24] Véase, *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529, 539 (1989). Véase además: J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Publicaciones JTS, 2000, T. II, pág. 740. Sobre las Reglas de Procedimiento Civil de 2009 véase, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1325.

[25] Por otra parte, la Regla 44.2 de las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 44.2, establece que:

El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. El pago por tales conceptos se llevará a cabo por medios electrónicos o cualquier otro método o instrumento que el Juez Presidente o Jueza Presidenta del Tribunal Supremo adopte, en coordinación con el Secretario o Secretaria de Hacienda. Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados(as) ingresaran al Fondo Especial de la Rama Judicial creado mediante las secs. 1482 a 1482e del Título 32, para ser utilizados de la forma y para los fines allí dispuestos.

Las sanciones económicas que el tribunal imponga al Estado Libre Asociado de Puerto Rico o sus agencias, corporaciones o

En contadas ocasiones hemos tenido la oportunidad de expresarnos con relación a ésta. Así, en *Lluch v. España Service Sta.*, supra, pág. 748 (1986), reconocimos el origen autóctono de la regla, que provee un instrumento a los tribunales para agilizar los procedimientos y evitar la demora y congestión. Esto se logra mediante la imposición de sanciones por los tribunales cuando la conducta de alguna de las partes vaya en perjuicio de la eficiente administración de la justicia. Sin embargo, ante el confuso desarrollo procesal en *Lluch* v. *España Service Sta.*, supra, consideramos inapropiado imponer sanciones bajo la misma. No obstante, aprovechamos la ocasión para instar a los tribunales de primera instancia a utilizar efectiva y vigorosamente los recursos procesales disponibles para resolver las controversias de forma justa, rápida y económica.

Aunque al adoptar y aprobar la Regla 44.2 el Comité propulsor de la misma comentó que "el beneficiario de toda

---

instrumentalidades se concederán a favor de la parte contraria en el pleito.

Sobre la nueva norma el Dr. José A. Cuevas Segarra expresa que:

"Se derogó la anterior limitación de que la sanción que se impusiere fuera a favor del Estado y no de la parte, pues se consideraba más bien una multa o penalidad. Se puede adjudicar la sanción – como debe ser- a favor de la parte afectada, y la misma también puede imponérsele al ELA, sus agencias, corporaciones o instrumentalidades". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1326.

sanción impuesta será el Estado",[26] en más de una ocasión nos hemos apartado de una interpretación estricta de esta expresión, otorgándole mayor utilidad a esta norma. De esta forma, en *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679, 687 (1987) consideramos apropiado imponer una sanción pecuniaria a la parte demandada a favor de la demandante, por concepto de honorarios de abogado y costas.

En dicho caso, ante la injustificada incomparecencia de la parte demandada a la vista en su fondo el tribunal de instancia correctamente dictó sentencia declarando con lugar la demanda y desestimando la reconvención con perjuicio. No obstante, aceptamos relevar a dicha parte de la sentencia, no sin antes imponerle una sanción de quinientos dólares ($500) por concepto de honorarios de abogado y costas como condición para el relevo. Esto, pues, la parte demandante experimentó gastos e inconvenientes por la situación creada por la otra parte, y se afectó la maquinaria judicial al incurrir en trámites adicionales. Resolvimos también que de no satisfacerse la sanción dentro del término provisto, quedaría automáticamente reinstalada la sentencia del foro primario.

Poco más tarde, en *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529 (1989) recurrimos nuevamente a la Regla

---

[26] Secretariado de la Conferencia Judicial del Tribunal Supremo, *Reglas de Procedimiento Civil para el Tribunal General de Justicia* de Puerto Rico, Guaynabo, Ed. Art Printing Inc., 1979, pág. 153.

44.2 y distinguimos entre las dos partes que la componen: la primera es la imposición de costas, la segunda es la imposición de sanciones económicas. Entonces, amparados en los casos precedentes indicamos que tanto *Lluch v. España Service Sta.,* supra, como *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* supra, sostienen que la imposición de sanciones económicas siempre es a favor del Estado. No obstante, en virtud de las facultades provistas por la Regla 71 de las Reglas de Procedimiento Civil de 1979, el interés público de proteger a los menores y la aplicabilidad de un tratado internacional, establecimos que "aquella parte que incumpla con un decreto de custodia emitido válidamente por nuestros tribunales podrá ser requerida a pagar las costas y honorarios de abogado interlocutorios incurridos por la parte a quien se le había otorgado la custodia y se vio privada de ella". *Pérez Pascual v. Vega Rodríguez,* supra, pág. 542. Concedimos, pues, honorarios de abogado interlocutorios como parte de los gastos a compensarse aunque como norma general los gastos a resarcirse a una parte como costas no incluyan los honorarios de abogado. Véase, Regla 44.1 de las Reglas de Procedimiento Civil de 1979, *supra.*

No obstante, al reanalizar estos casos podemos observar el reconocimiento por parte de este Tribunal de que el perjuicio causado a la eficiente administración de la justicia por la conducta constitutiva de demora,

inacción, obstrucción o falta de diligencia, y que conlleva una sanción, afecta a todos sus componentes, incluyendo al Estado. Por lo tanto, en busca de una solución justa, es mi entender que los tribunales cuentan con autoridad suficiente para imponer el resarcimiento a la parte afectada, no sólo de las costas, sino también de los honorarios de abogado.[27] No cabe duda de que el resarcimiento a la parte también redunda en beneficio para el Estado y el sistema judicial. Además, las costas y honorarios de abogado al amparo de la Regla 44.2 son *sui generis* y no necesariamente responden a interpretaciones previas bajo la Regla 44.1. Por lo tanto, no puedo respaldar una visión tan restrictiva como la que apoya este Tribunal en la Opinión Mayoritaria; visión que extiende también a las Reglas de Procedimiento Civil de 2009.

## II

Como es sabido nuestro ordenamiento procesal reprueba el que una parte prolongue innecesariamente un pleito,

---

[27] Similar postura presenta el doctor Cuevas Segarra, autor al que hemos recurrido en varias ocasiones al analizar la Regla 44.2, *supra*. Indica que:

"El hecho de que esta regla autorice las sanciones interlocutorias a favor del Estado no quiere decir que el tribunal no pueda imponer las demás sanciones que autorizan estas reglas (e.g., honorarios de abogado) a favor de otra parte en el pleito, afectada por la misma conducta que dio base a la sanción a favor del estado. De hecho, lo más probable es que la mayoría de las veces se impongan ambas sanciones (a favor del Estado y de la parte) coetáneamente. Aunque eso dependerá, claro está, de cada caso en particular. Véase *Pérez Pascual v. Vega Rodríguez*, supra, págs. 539-541". Cuevas Segarra, *op.cit*. 1ra ed., pág. 740.

pues se atentaría contra el correcto funcionamiento de nuestro sistema de justicia.

En el caso de autos, la parte demandante paralizó el caso tras imponer dos recursos de *certiorari* y una reconsideración, y negarse a participar en la vista en su fondo al entender que de esta forma preservaría su derecho a descubrir prueba.[28] Empero, tales recursos no paralizaban el proceso en instancia. Véase, Regla 53.9 de las Reglas de Procedimiento Civil de 1979, *supra*; Regla 35 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B R. 35; Regla 20 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A. Por lo tanto, la conducta de la parte demandante prolongó innecesariamente el pleito.

Por su parte, el Tribunal de Primera Instancia en vez de recurrir a la sanción última de desestimar con perjuicio la demanda, procedió a sancionar a la parte con el monto de $13,937.50 para satisfacer los honorarios de abogado incurridos por la parte demandada en preparación para el juicio en su fondo. La sanción debía cumplirse previo a la continuación del proceso.[29] Tal proceder sancionó la conducta dilatoria de la parte demandante en contravención a la eficiente administración de la justicia, mientras resarció los gastos innecesariamente

---

[28] La parte demandante presentó un recurso de *certiorari* ante el Tribunal de Apelaciones y otro ante nos. Previamente había abandonado una toma de deposición.

[29] Apéndice de la Petición de *certiorari*, pág. 39.

incurridos por la parte demandada a causa del comportamiento de la parte sancionada. Esta actuación se encuentra dentro de la sana discreción del tribunal y está apoyada en los instrumentos que tiene a su disposición. Como discutiéramos, a determinación similar llegó este Tribunal en *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, supra, pues todo ello redunda finalmente en beneficio para el Estado y nuestro sistema de justicia. Además, la determinación del tribunal fue cónsona con la clara política judicial de que los casos sean resueltos en sus méritos. Por lo tanto, amparados en la norma general de que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de los tribunales de instancia confirmaría la orden recurrida.[30]

Por los argumentos antes expresados, disiento respetuosamente de la Opinión emitida por el Tribunal.


Mildred G. Pabón Charneco
Jueza Asociada

---

[30] Claro está, un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de los tribunales de instancia, salvo que se demuestre un craso abuso de discreción, prejuicio o parcialidad, o una interpretación o aplicación equivocada de cualquier norma procesal o de derecho sustantiva, y que nuestra intervención en dicha etapa evitaría un perjuicio sustancial. *Lluch v. España Service Sta.*, supra.