ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ÁNGEL ÁLVAREZ, CAMALIA VALDÉS ÁLVAREZ y JULIA PIZÁ ÁLVAREZ, Recurrida, v. JOHNNY JUSINO, Recurrida. | TA2026CE00321 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: K PE2015-3141. Sobre: desahucio. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de abril de 2026.

El peticionario en este recurso es el licenciado David López Pumarejo (Lcdo. López), quien representase al demandado, señor Johnny Jusino (señor Jusino), durante el trámite del caso ante el Tribunal de Primera Instancia, Sala Superior de San Juan. El Lcdo. López solicita que revoquemos aquella parte de la *Sentencia Enmendada* dictada por el foro primario el 22 de enero de 2026, mediante la cual, ante la conducta desplegada por el abogado, concluyó que procedía imponerle una sanción ascendente a $5,000.00, pagadera a favor de la parte demandante, aquí recurrida.

Evaluado el recurso y la *Sentencia Enmendada*, a la luz del derecho aplicable, expedimos el auto de *certiorari*, modificamos la sentencia y, así modificada, confirmamos la imposición de sanciones al Lcdo. López.

I

El pleito ante el foro primario inició allá para el 30 de septiembre de 2015[1], mediante la presentación de una demanda de desahucio y cobro de

---

[1] Al 2015, el *Sistema Unificado de Administración y Manejo de Casos* (SUMAC) aún no se había extendido a las salas civiles ordinarias, por lo que el expediente de este caso está en papel y en el sistema TRIB. De hecho, mediante nuestras resoluciones del 17 y 18 de marzo de 2026, concedimos al Lcdo. López un término para que este cargara al SUMAC TA el apéndice del recurso y los documentos pertinentes, debidamente organizados. Si bien el Lcdo. López sometió varios documentos, se limitó a presentar como parte del

dinero, instada por los demandantes en contra del señor Jusino. Tras múltiples y dilatados procesos, el caso fue resuelto a favor de los demandantes.

Conforme surge de la sentencia enmendada, el tribunal impuso al señor Jusino el pago de $3,000.00, en concepto de honorarios de abogado, a ser pagados a la parte demandante. Luego de hacer un recuento de los hechos que así lo justificaban, el foro primario fundamentó tal imposición en "el alto **grado de temeridad**"[2] desplegado por la parte demandada durante el trámite del caso.

Como parte del recuento de hechos procesales que justificaron la imposición de honorarios de abogado por temeridad, el tribunal consignó lo siguiente:

> En este caso, resulta meridianamente claro el alto **grado de temeridad** que empleó la Parte Demandada y su representante legal con el trámite del caso. Por lo antes descrito, razonablemente se puede concluir que la temeridad empleada en este caso data de más de una década, dentro de la cual, mayormente por razones atribuibles a la obstaculización empleada por la Parte Demandada, la Parte Demandante ha estado desprovisto [*sic*], sin razón justificada, de un remedio definitivo a su causa de acción y sin recibir canon de arrendamiento, por más de una década. Por otra parte, debemos notar que el **trabajo realizado** por la Parte Demandante y su representación legal, sin lugar a duda, ha sido monumental y engorroso. Basta con referirse a lo arriba mencionado y a los tomos [del expediente] producidos en el transcurso de una década, para notar con claridad la obstinación de la Parte Demandada en impedir a toda costa la disposición final del caso.
>
> Por otra parte, del expediente de autos se desprende el volumen de la documentación y argumentación repetitiva, que a su vez se traduce en cientos de horas facturadas sin necesidad y cada vez menos formas de argumentar, de alguna nueva manera, lo que, del expediente, hace años atrás, resulta obvio. Enfrentar una defensa hostil es un elemento para considerar al adjudicar una petición de honorarios de abogado. *Belk v. Martínez*, 163 DPR 196, 204 (2004). Finalmente, la **naturaleza del litigio** de este caso, que, por su naturaleza es un procedimiento sumario, evolucionó a una disputa por deslindes, accesión y demás, y cuya **duración** se ha extendido por casi una década. El trámite de este caso ha requerido la participación de representación legal, cuyo **nivel de profesión** aborde satisfactoriamente la atención y manejo de litigio en

---

apéndice del recurso las mociones que él presentase, pero no las determinaciones del foro primario; con excepción de la *Sentencia Enmendada* objeto de revisión.

[2] Véase, *Sentencia Enmendada*, a la pág. 23. (Énfasis en el original).

> apelación, así como las defensas para las cuales se ha requerido evidencia pericial.
>
> Por lo tanto, consideramos que la imposición de honorarios de abogado al amparo de la Regla 44.1 de Procedimiento Civil, *supra*, procede. Por ende, se condena al Sr. Jusino al pago de una suma adicional de $3,000, por concepto de honorarios de abogado. <u>Además</u>, <u>a base del análisis anteriormente transcrito</u>, <u>se impone al Lcdo. López Pumarejo, por separado y pagadero en el término de 10 días, una vez la Sentencia advenga final y firme, una sanción de $5,000, que deberá satisfacer a favor de la Parte Demandante</u>.

*Sentencia Enmendada*, a las págs. 23-24. (Énfasis en el original; subrayado nuestro).

Con relación a la conducta exhibida por el Lcdo. López en particular, el tribunal consignó lo siguiente:

> Por otra parte, <u>surge del expediente del caso, a efectos de los cuales hemos emitido no pocas determinaciones, que la representación legal de la Parte Demandada ha desplegado un patrón de incumplimientos e incomparecencias, al acercarse el caso a su etapa final. Todos y cada uno de los señalamientos fueron consultados con las partes con suficiente tiempo de anticipación y en más de una ocasión</u>, la Parte Demandada advenía imposibilitada de comparecer, por motivos de citas médicas <u>coordinadas posteriormente</u>, en conflicto con los señalamientos del caso.

*Sentencia Enmendada*, a la pág. 21. (Subrayado nuestro).

Luego, el foro primario apuntó a los cánones particulares del Código de Ética Profesional, 4 LPRA Ap. IX, que el representante legal de la parte demandada había violentado[3]. Concluyó, además, que el incumplimiento con lo dispuesto en nuestro ordenamiento podía acarrear la imposición de severas sanciones disciplinarias.

Apuntamos que, si bien no contamos con el expediente completo del caso de marras, sí se suscitó una situación particular que justificaba la imposición de sanciones al Lcdo. López.

Conforme surge de la *Sentencia Enmendada*, mediante su resolución del 8 de julio de 2024, el foro primario ordenó la celebración de una vista de estatus, mediante video conferencia, para el 27 de agosto de 2024. Tan solo 4 días antes del señalamiento, el Lcdo. López solicitó que

---

[3] Véase, *Sentencia Enmendada*, a las págs. 21-23. El tribunal aludió a los Cánones 9, sobre el respeto a los tribunales; al 12, sobre el deber de los abogados de ser puntuales, concisos y exactos en la presentación de las causas, y el deber de no causar dilaciones indebidas; el 38, sobre el deber de exhibir una conducta escrupulosa y responsable en el trámite de los casos, así como a la jurisprudencia aplicable a cada canon.

se dejara sin efecto, pues tenía una cita médica. El tribunal la concedió, y cambió la naturaleza de la vista a una Conferencia con Antelación al Juicio (CAJ), que pautó para el 9 de octubre de 2024, y cuya orden proveyó para que las partes litigantes y sus sendos representantes legales informasen, en un término de 5 días, si tenían algún conflicto con la fecha pautada.

No obstante, llegado el 9 de octubre de 2024, el Lcdo. López no compareció a la CAJ, ni se excusó. El tribunal emitió una orden de mostrar causa y, en respuesta, el Lcdo. López informó que **había olvidado anotar el señalamiento en su calendario**.

Al nuevo señalamiento de la CAJ del **13 de noviembre de 2024**, el Lcdo. López compareció. En ella, se lo ordenó someter cierta prueba anunciada, pero no producida hasta ese momento. Finalmente, el tribunal señaló: "**Teniendo los abogados sus calendarios disponibles, seleccionamos conjuntamente las fechas del 26 de febrero y 4 de marzo de 2025, para la celebración del juicio**"[4]. (Énfasis nuestro).

A pesar de haber acordado con suficiente antelación cuándo comenzaría el desfile de prueba, el **13 de febrero de 2025**, el Lcdo. López presentó otra solicitud para la posposición del juicio, pues tenía una cita médica que confligía con el señalamiento. A esa fecha, el Lcdo. López tampoco había cumplido con la orden para la producción de la prueba anunciada[5].

El foro primario denegó la solicitud de posposición y fundamentó para el récord dicha determinación[6].

Llamado el caso para el inicio del juicio en su fondo el 26 de febrero de 2025, el Lcdo. López no compareció. Su cliente, señor Jusino, llegó tarde e informó que su abogado no comparecería. Ya en ese momento, el juicio había comenzado con el testimonio de la parte demandante.

---

[4] Véase, *Sentencia Enmendada*, a la pág. 4.

[5] *Íd.*, nota al calce núm. 4.

[6] *Íd.*, a la pág. 4.

Habiéndose hecho las debidas advertencias al señor Jusino, este fue citado para la continuación del juicio en su fondo el 4 de marzo de 2025.

Sorpresivamente, el 28 de febrero de 2025, el Lcdo. López solicitó que el tribunal aceptase su renuncia al caso, luego de 10 años de litigio. Esa moción fue discutida en la continuación del juicio del 4 de marzo de 2025, y la parte demandante se opuso a la misma. El foro primario concluyó que la conducta del señor Jusino y del Lcdo. López resultaba injustificada, por lo que ordenó la anotación de rebeldía al demandado y la continuación del juicio[7].

Como adelantamos, recibida y aquilatada la prueba documental y testifical presentada por la parte demandante, el Tribunal de Primera Instancia dictó sentencia a favor de esta. En una extensa y fundamentada relación, el tribunal impuso al demandado el pago de honorarios de abogado a favor de la parte demandante, y, al Lcdo. López, una sanción de $5,000.00, también pagadera a favor de la parte demandante.

Inconforme con la sanción impuesta, el 16 de marzo de 2026, el Lcdo. López compareció ante nos mediante este recurso de *certiorari* y solicitó que dejáramos sin efecto la sanción impuesta en su contra. En la alternativa, solicitó que redujésemos la sanción u ordenásemos un plan de pago. Además, y conforme a lo dispuesto en la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, y de mantener la sanción, que ordenásemos que esta fuera pagadera a favor del Estado y no de la parte demandante.

II

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, establece la facultad discrecional de los tribunales para imponer sanciones económicas a las partes o a sus representantes legales, así como para desestimar una demanda o eliminar las alegaciones, cuando no se ha cumplido con las referidas Reglas o con cualquier orden emitida por el tribunal[8]. Así pues, si

---

[7] Véase, *Sentencia Enmendada*, a las págs. 4-5.

[8] *Véase*, también, la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, la cual provee para que las sanciones económicas que pueden ser impuestas a su amparo están

un tribunal estima que las actuaciones de una parte, o su representante legal, están entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar este tipo de conducta o actitud. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 930 (1996).

Ello responde al hecho de que, "[c]omo regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención". *Mejías et als. v. Carrasquillo et als.*, 185 DPR 288, 298 (25012).

De igual forma, la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, dispone en su parte pertinente que:

> El tribunal podrá imponer costas interlocutorias a las partes y **sanciones económicas, en todo caso** y **en cualquier etapa**, a una parte **o a su representante legal** por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. [...]. **Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados o abogadas ingresarán en el Fondo Especial de la Rama Judicial** [...].

(Énfasis nuestro)[9].

### III

En su recurso, el Lcdo. López se limita a impugnar la imposición de la sanción personal dictaminada por el foro primario por razón de su falta de comparecencia al juicio en su fondo, pautado desde el 13 de noviembre de 2024 y contando con su calendario. Expone las razones médicas que le impidieron asistir al juicio que comenzaba el 26 de febrero de 2025.

Sin embargo, esa ausencia en particular, si bien afectó directamente a su cliente, incidió directamente sobre la diligente administración de la justicia y sobre el derecho de la parte demandante de poner fin, luego de 10 años, a un pleito frívolo, no fue el único hecho que tomó en consideración el tribunal en la decisión de imponerle sanciones al abogado.

---

basadas en el incumplimiento de una parte litigante **o su abogado** con cualquier orden del tribunal para el manejo del caso, sin que medie justa causa.

[9] *Véase*, además, *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1017 (2011).

En su *Sentencia Enmendada*, el foro primario desglosó todos los incumplimientos del abogado, la presentación de mociones contradictorias y frívolas, y la conducta temeraria exhibida por el abogado y su cliente. Ello se tradujo en un pleito accidentado, que perduró por 10 años.

Conforme ordena la doctrina apelativa, en ausencia de pasión, perjuicio, parcialidad o error manifiesto, los tribunales apelativos no debemos intervenir con la apreciación de la prueba de los tribunales de primera instancia. *Rodríguez v. Urban Brands*, 167 DPR 509, 522 (2006). Igualmente, al definir lo que constituye pasión, perjuicio o parcialidad, el Tribunal Supremo de Puerto Rico ha expresado que:

> Incurre en "pasión, prejuicio o parcialidad" aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.

*Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

Este foro intermedio no cuenta con indicio o prueba alguna que refleje que el foro primario hubiera incurrido en tal conducta. Al contrario, su determinación de temeridad, frivolidad e incumplimiento reiterado está basado en sus detalladas conclusiones de los hechos pertinentes.

Claro está, la doctrina de la deferencia judicial que le debemos otorgar al foro primario no es de carácter absoluto; podemos intervenir "cuando la apreciación de la prueba no representare el balance más racional, justiciero y jurídico de la totalidad de la prueba". *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

En ese sentido, tomamos en consideración lo alegado por el Lcdo. López a los efectos de que no cuenta con el dinero suficiente para realizar un pago de $5,000.00. Además, tomamos en consideración el hecho de que el abogado ha aportado prueba médica de las dolencias cardíacas de las que padece. Por ello, modificamos la sanción impuesta a la cantidad de dos mil quinientos dólares ($2,500.00), a ser consignados en la Secretaría Civil del Tribunal de San Juan, en el término de 10 días, computado a partir de que esta sentencia advenga final y firme.

Conforme a lo dispuesto en la Regla 44.2 de Procedimiento Civil, la sanción a ser consignada en el caso civil núm. K PE20215-3141 será hecha a favor del Estado, y no de la parte demandante.

IV

A la luz de los hechos y el derecho antes expuestos, este Tribunal expide el auto de *certiorari*, y modifica la orden contenida en la *Sentencia Enmendada* dictada el 22 de enero de 2026, a los únicos efectos de reducir la sanción personal impuesta al Lcdo. David López Pumarejo a $2,500.00, y a ordenar que la sanción sea satisfecha a favor del Estado Libre Asociado de Puerto Rico, para ser ingresada al Fondo Especial de la Rama Judicial. Así modificada, se confirma la orden del foro primario.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones