Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOSÉ APONTE RODRÍGUEZ **Recurrido** V. PATRICIO ANTONIO PEÑA CABRERA, FLÉRIDA MEDINA GUERRERO y Otros **Peticionario** | KLCE202400945 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón Caso Núm: CA2022CV02676 Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

#### SENTENCIA

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

El 3 de septiembre de 2024, el Sr. Patricio Antonio Peña Cabrera, su esposa, la Sra. Flérida Medina Guerrero y la Sociedad Legal de Gananciales compuesta por ambos y la Corporación Don Rey Hotel, Inc. (en conjunto, parte peticionaria) comparecieron ante nos mediante *Certiorari* y solicitaron la revisión de una *Orden* que se emitió el 1 de agosto de 2024 y se notificó el 2 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de la parte peticionaria para presentar una Reconvención. Además, le impuso una sanción de $2,500.00 a la parte peticionaria a favor del Sr. José Aponte Rodríguez (señor Aponte o recurrido) pagadera en el término de siete (7) días al amparo de la Reglas 9.1, 9.2 y 44.2 de Procedimiento Civil, *infra.*

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***revocamos*** el dictamen recurrido.

Número Identificador

SEN2024 _____

I.

El 18 de agosto de 2022, el señor Aponte presentó una *Demanda* sobre incumplimiento de contrato y daños y perjuicios en contra de la parte peticionaria y otros.[1] Alegó que existía un contrato de sociedad entre las partes para la administración del restaurante *1936 Eatery & Tab Beer Room* (el negocio) que estaba localizado dentro de la Corporación Don Hotel, Inc. Adujo que el 9 de febrero de 2022, la parte peticionaria le envió, por conducto de la oficina de la Lcda. Martínez Cacho, un documento intitulado *Sociedad Don Rey y Puro.* Planteó que, mediante el referido documento, se le informó que el negocio contaba con deudas corrientes a sus suplidores y que había incurrido en violaciones al contrato por lo que daba por cancelada la sociedad a menos de que pagara la mitad de la deuda. Sostuvo que se le concedió diez (10) días para contestar la misiva. Sin embargo, indicó que, al día siguiente, a saber, el 10 de febrero de 2022, la parte peticionaria unilateralmente tomó la decisión de colocar candados adicionales a las entradas del negocio privando el acceso a este. Expresó que intento comunicarse varias veces con la parte peticionaria, pero que no hubo respuesta por parte de estos.

En vista de lo antes expuesto, argumentó que la parte peticionaria incumplió con la décima cláusula del contrato suscrito entre las partes que, en lo pertinente, estipulaba que cualquier asunto relacionado con la terminación de la participación de un socio, disolución de la sociedad o cualquier otro asunto relacionado a la sociedad, sería dialogado entre las partes. Además, manifestó que la referida cláusula establecía que si no hubiese consenso entre las partes, el asunto se dilucidaría en los Tribunales. Por último, indicó que la cláusula establecía que mientras se dilucidaba cualquier controversia en cuanto al asunto antes expuesto, que los

---

[1] Véase, págs. 1-3 del apéndice del recurso.

socios se debían comprometer a seguir cumpliendo sus obligaciones. De igual forma, alegó que la parte peticionaria incumplió con la sexta cláusula que les otorgaba el derecho a los socios a estar al tanto de los asuntos financieros del negocio.

Finalmente indicó que la interrupción del negocio provocado por la parte peticionaria había causado daños en los aspectos operacionales del negocio y también le habían causado pérdidas económicas significantes y angustias mentales. Así pues, reclamó la suma de un millón ($1,000,000.00) de dólares en concepto de daños y perjuicios.

En respuesta, el 28 de noviembre de 2022, la parte peticionaria presentó su alegación responsiva.[2] En esta negó la mayoría de las alegaciones en su contra y presentó sus defensas afirmativas. Particularmente, puntualizó que el contrato de sociedad no se encontraba perfeccionado ya que no contaba con el consentimiento y aceptación de ninguna de las partes. Por otro lado, señaló que el negocio cesó sus operaciones por incapacidad financiera para sostener la operación. Afirmó que tales circunstancias fueron anunciadas con mucho tiempo de anticipación a la parte recurrida con aras de encontrar alternativas para evitar el cierre de este. Sin embargo, sostuvo que el incumplimiento craso y las actuaciones incorrectas del señor Aponte no habían permitido que el negocio tuviera liquidez y capacidad para operar. Por último, argumentó que los daños eran inexistentes o en la alternativa, exagerados y autoinfligidos.

Posteriormente, las partes comenzaron el descubrimiento de prueba y el 26 de septiembre de 2023, se celebró una conferencia inicial por videoconferencia. De la *Minuta* de esta vista surge que la representación de la parte demandada le informó al Tribunal que le

---

[2] Íd., págs. 10-11.

había cursado a la parte recurrida un pliego de interrogatorio y producción de documentos, pero que está última todavía no había contestado.[3] Así pues, el Tribunal le concedió un término de veinte (20) días al señor Aponte para presentar las contestaciones al pliego interrogatorio y requerimiento de documentos cursado por la parte peticionaria. Asimismo, puntualizó que la fecha final para concluir el descubrimiento de prueba sería el 30 de marzo de 2024 y señaló una Conferencia con Antelación al Juicio para el 21 de mayo de 2024. Finalmente, les apercibió a las partes que tenían que presentar un informe preliminar en cumplimiento con la Regla 37.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.4, por lo menos diez (10) días antes que la Conferencia con Antelación al Juicio. Aclaró que el incumplimiento con lo antes expuesto acarrearía sanciones y el posible reseñalamiento de la vista.

Transcurrido el término señalado anteriormente sin que la parte recurrida cumpliera con lo ordenado por el TPI en cuanto a la contestación del pliego interrogatorio y producción de documentos, el 17 de mayo de 2024, la parte peticionaria presentó una *Moción Urgente Informativa, en Solicitud de Desestimación, Imposición de Sanciones, Gastos, Costas y Honorarios de Abogados*.[4] En primer lugar, argumentó que la causa de acción presentada se debía desestimar ya que la verdadera relación entre las partes era de patrono-empleado y no así de una sociedad. En cuanto a ello, añadió que tampoco se suscribió un contrato entre las partes a tales efectos. Sostuvo que, para que una sociedad quedara constituida el socio debía aportar a la industria, aportación para la cual no se percibía salario. Afirmó que ninguno de los documentos presentados por la parte recurrida establecía que este hubiese aportado dinero,

---

[3] Íd., págs.22-23.
[4] Íd., págs. 26-29.

bienes o industria al negocio. Así pues, concluyó que por los motivos antes expuestos no procedía la causa de acción presentada.

Por otro lado, señaló que habían transcurrido nueve (9) meses desde que se le había cursado al recurrido el pliego interrogatorio y producción de documentos y que este último nunca contestó y tampoco solicitó tiempo adicional ni se excusó por su incumplimiento. Argumentó que estas actuaciones mostraban un claro desinterés en el presente pleito. Asimismo, sostuvo que por el incumplimiento reiterado y falta de interés por parte del señor Aponte no se habían podido reunir para completar el informe inicial. Afirmó que la responsabilidad de ello se le adjudicaba única y exclusivamente al recurrido. Debido a ello, informaron que no estaban preparados para la vista de conferencia con antelación al juicio. Así pues, le solicitaron al TPI a que desestimara la causa de acción, le impusiera sanciones al señor Aponte, así como costas, gastos y honorarios de abogado.

Así las cosas, el 20 de mayo de 2024, el señor Aponte presentó un *Escrito al Expediente Judicial* informando que les había enviado a los peticionarios las contestaciones juramentadas al interrogatorio cursado por correo electrónico.[5] Al día siguiente, a saber, el 21 de mayo de 2024, se celebró la Conferencia con Antelación al Juicio. De la *Minuta* de esta vista se desprende que el Tribunal resaltó que le había concedido a la parte recurrida hasta el 20 de septiembre de 2024 para contestar el interrogatorio.[6] De igual forma, puntualizó que les había concedido a las partes hasta el 30 de octubre del 2023, para presentar el informe inicial e indicó que había establecido que el descubrimiento de prueba culminaba el 30 de marzo de 2024. En cuanto a lo antes expuesto, sostuvo que no se había cumplido con nada de lo ordenado.

---

[5] Íd., pág.31.
[6] Íd., págs. 32-33.

Por otro lado, el TPI expresó que tenía conocimiento de la solicitud de desestimación, pero que no procedía la desestimación de la causa de acción ya que ello sería una medida muy extrema. Sin embargo, reiteró que la parte recurrida era quien tenía la obligación de perseguir su causa y debió haber sido diligente. Luego de discutidos todos los asuntos de **inacción por más de siete (7) meses**, el TPI le impuso una sanción de $500.00 a la parte recurrida y $150.00 a la parte peticionaria. Por último y, en lo pertinente al caso ante nos, indicó que la **fecha límite del descubrimiento de prueba era el 30 de octubre de 2024** y reseñaló la **Conferencia con Antelación al Juicio para el 4 de diciembre de 2024.**

El 2 de julio de 2024, la parte peticionaria presentó una *Moción Solicitando que se Admita Reconvención.*[7] En esta, se limitó a solicitarle al TPI a que admitiera su *Reconvención* al amparo de la Regla 11.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.4. Junto a dicha moción, anejó la *Reconvención.* El 24 de julio de 2024, el señor Aponte presentó una *Oposición a Autorización para presentar Reconvención.*[8] Indicó que las Reglas 11.1 y 11.2 de Procedimiento Civil reconocían las reconvenciones permisibles y las compulsorias y que en el presente caso la reconvención presentada era una compulsoria. Sostuvo que el Tribunal Supremo había establecido que, si una reconvención compulsoria no se presentaba a tiempo, se renunciaba a la causa de acción que la motivaba y quedarían adjudicados los hechos y reclamaciones sin que pudiese sentarse posteriormente una reclamación que haya surgido de los mismos eventos.

Sin embargo, señaló que, a modo de excepción, la Regla 11.5 de Procedimiento Civil permitía que la parte demandada presentara una reconvención mediante enmienda siempre y cuando la

---

[7] Íd, pág. 34.
[8] Íd., págs. 42-51.

presentación tardía de la reconvención fuese por descuido, inadvertencia o negligencia excusable y que presentara prueba a tales efectos. Además, añadió que, el Tribunal Supremo también ha establecido que al determinar si se concedían o no las enmiendas a las alegaciones o se permitía una reconvención, el Tribunal debía considerar los siguientes factores: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte; y, por último; (4) la procedencia de la enmienda solicitada.

En vista de lo antes citado, concluyó que la reconvención que presentó la parte peticionaria no cumplía con los requisitos antes mencionados para ser permitida. Señaló que, en primer lugar, el impacto del tiempo era significativo ya que la Reconvención se presentó dos años después de que la parte peticionaria presentara su alegación responsiva. Añadió que la parte peticionaria no justificó la presentación tardía de la Reconvención. Razonó que la ausencia de razones para esta omisión era una clara indicación de que no hubo descuido, inadvertencia o negligencia excusable que justificara la presentación tardía. Asimismo, indicó que la presentación de la Reconvención alteraría radicalmente el alcance y la naturaleza del caso. Por estos motivos, argumentó que permitir la Reconvención sería inconsistente con los principios de justicia y economía procesal por lo que le solicitó al TPI a que denegara la autorización para presentarla.

Evaluadas las posturas de ambas partes, el 1 de agosto de 2024, el TPI emitió una *Orden* que se notificó el 2 de agosto de 2024 declarando No Ha Lugar la solicitud de la parte peticionaria para presentar una *Reconvención.*[9] Además, le impuso a la parte peticionaria una sanción de $2,500.00 a favor del recurrido

---

[9] Íd., pág. 60.

pagadero en el término de siete (7) días conforme a las Reglas 9.1, 9.3 y 44.2 de Procedimiento Civil. Inconforme con este dictamen, el 5 de agosto de 2024, la parte peticionaria presentó una *Moción de Reconsideración* [...] [10] la cual fue declarada No Ha Lugar por el TPI mediante una *Orden* que se dictó el 6 de agosto de 2024 y se notificó el 7 de agosto de 2024.[11] Aún inconforme, el 3 de septiembre de 2024, la parte peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia, Sala de Bayamón, al no permitir que se presentara la Reconvención presentada en contra del apelado.**

> **Erró el Honorable Tribunal de Primera Instancia, Sala de Bayamón al imponer tan severas y excesivas sanciones amparado en las Reglas 9.1, 9.3 y 44.2 de las de Procedimiento Civil por no existir fundamentos para su imposición ni que estas fueran solicitadas por el apelado.**

Atendido el recurso, el 5 de septiembre de 2024, emitimos una *Resolución* concediéndole al recurrido hasta el 13 de septiembre de 2024 para presentar su postura en cuanto al recurso. Oportunamente, el señor Aponte presentó su *Alegato de la Parte Recurrida* y negó que el TPI cometiera los errores imputados. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

La Regla 11 de Procedimiento Civil, 32 LPRA Ap. V, R. 11, regula lo relacionado a los mecanismos de la *Reconvención* y la *Demanda Contra Coparte*. En lo pertinente a la controversia ante nuestra consideración, la Regla 11.1, específicamente dispone:

> Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la

---

[10] Íd., págs. 61-66.
[11] Íd., pág. 68.

> reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente.

Conforme al ordenamiento procesal vigente, existen dos (2) tipos de reconvenciones, las permisibles y las compulsorias. *SLG Font Bardón v. Mini-Warehouse Corp.*, 179 DPR 322, 332 (2010). Las reconvenciones permisibles son aquellas que no surgen del mismo acto o evento que motivó la reclamación de la parte contra la que se presenta. Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2. Por otro lado, la reconvención compulsoria se desprende de La Regla 11.1, *supra,* y "obliga a una parte a reconvenir contra otra parte adversa que le esté reclamando, siempre y cuando la causa de acción de la parte reconveniente surja del mismo acto, omisión o evento que motivó la reclamación de la parte reconvenida." (Énfasis suplido) J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2011, T. II, pág. 558.

El propósito de esta regla es establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción y así evitar la multiplicidad de litigios. *Neca Mortgage Corp. v. A & W Dev. S.E.,* 137 DPR 860, 867 (1995). A pesar de lo anterior, la Regla 11.1 de Procedimiento Civil, *supra,* es imprecisa en su definición de qué constituye una reclamación compulsoria. J. Cuevas Segarra, *op. cit.*, pág. 564. Por lo tanto, el Tribunal Supremo, citando al tratadista Hernández Colón, afirma que:

> Una reconvención es compulsoria: (1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) cuándo los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen de conjunto; (3) si las cuestiones de hecho y de derecho entre ambas son las mismas; (4) si la doctrina de *res judicata* impediría una acción independiente; y, (5) si ambas reclamaciones

surgen de la misma prueba y están vinculadas lógicamente. *Consejo de Titulares v. Gómez Estremera,* 184 DPR 407, 424-425 (2012).

Cuando una reconvención compulsoria no se presenta, el demandado no podrá presentar una acción independiente basada en la misma transacción o evento que motivó la acción original, pues aplica, por analogía, el principio de cosa juzgada, al efecto de que una sentencia es concluyente en cuanto a aquellas cuestiones que pudieron haber sido planteadas y no lo fueron. *SLG Font de Bardón v. Mini Warehouse Corp.,* supra, pág. 333. En otras palabras, si una reconvención compulsoria no se formula oportunamente, se renuncia la causa de acción que la motiva y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos. *Neca Mortgage v. A & W Dev. S.E.,* supra, pág. 867; J. Cuevas Segarra, *op. cit.,* pág. 560.

Ahora bien, a modo de excepción, a pesar de que las Reglas de Procedimiento Civil establecen que una reconvención compulsoria se debe presentar al momento en que la parte demandada presente su alegación responsiva, existen dos (2) excepciones para relevar a la parte demandada a presentarla junto a la contestación a la demanda. *SLG Font Bardón v. Mini-Warehouse Corp.,* supra, págs. 333-334. Estas excepciones son las siguientes: (1) presentar una reconvención compulsoria mediante una alegación suplementaria y (2) presentar una reconvención compulsoria a través de una solicitud de enmienda a su alegación. Íd. En lo pertinente, esta última excepción se reconoce "en aquellos casos en los que una parte deje de formular una reconvención en su contestación a la demanda por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia". Íd., pág. 334.

La facultad de los Tribunales para permitir enmiendas a las alegaciones es liberal y amplia ya que existe en nuestra jurisdicción una clara política judicial a favor de que los casos se ventilen en sus méritos. Íd. Sin embargo, esta liberalidad no es infinita. Íd. Cuando los Tribunales vayan a determinar si conceden o no las enmiendas a las alegaciones, tiene que considerar los siguientes factores en conjunto: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte, y, por último; (4) la procedencia de la enmienda solicitada. Íd.

Tomando en consideración lo anterior, el Tribunal Supremo ha resuelto que el paso del tiempo no impide que el tribunal admita una enmienda por lo que aún en etapas avanzadas del procedimiento, por ejemplo, la Conferencia con Antelación al Juicio, el Tribunal puede permitir que se realicen enmiendas a las alegaciones. Íd., pág. 335. Dicho lo anterior, también hay que tener en cuenta que el factor más relevante al momento de evaluar una solicitud de autorización para enmendar es el perjuicio que esta le pueda causar a la parte contraria. Íd. Así pues, si la enmienda altera radicalmente el alcance y la naturaleza del caso, convirtiendo la controversia inicial en tangencial, el permiso para concederla debe ser denegado. Íd., págs. 335-336. A pesar de ello, el cambio de teoría de por sí no es suficiente para denegar el permiso a menos que este cause perjuicio a la parte contraria. Íd., pág. 336.

**-B-**

En nuestro ordenamiento jurídico existen varias reglas que facultan a los tribunales a imponer sanciones. *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1026 (2011). Las sanciones constituyen imposiciones económicas dirigidas a penalizar una conducta impropia. J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1era ed. rev., Colombia, [s. Ed], 2012, pág. 280. Sobre el particular, la Regla 37.7 de Procedimiento Civil, 32 LPRA

Ap. V, R. 37.7, dispone que, si una parte o su abogado incumple con cualquier orden del tribunal para el manejo del caso, sin que medie justa causa, el tribunal podrá imponerle la sanción económica que corresponda. *Pérez Torres v. Acad. Perpetuo Socorro*, supra, pág. 1026.

En lo pertinente al caso ante nos, la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1, dispone que la firma de un abogado o una abogada o un parte en un escrito, equivale a certificar que está hábil y disponible para cumplir con los señalamientos y las órdenes del Tribunal. De igual manera, la firma constituye una certificación de que el abogado o abogada o la parte ha leído y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente. Íd. Además, dicha firma certifica que el escrito no se ha presentado con el propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio. Íd.

La referida regla también establece que, si un escrito se firma en violación a lo antes expuesto, que el Tribunal, a iniciativa propia o a moción de parte, podrá imponerle a la persona que firmó el escrito cualquier sanción conforme a lo dispuesto en la Regla 9.3 de Procedimiento Civil, 32 LPRA AP. V, R. 9.3. Íd.

Por su parte, la Regla 9.3 de Procedimiento Civil, *supra*, establece que el Tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los miembros de la profesión legal que postulan ante sí, puede a iniciativa propia o solicitud de parte, imponer sanciones económicas o de otra naturaleza a un abogado o abogada que incurra en alguna conducta que constituya un obstáculo para la sana administración de la justicia.

Finalmente, la Regla 44.2 de Procedimiento Civil, *supra*, permite que, en todo caso y en cualquier etapa, el tribunal le

imponga sanciones económicas a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. Esta Regla tiene "el propósito de proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales". *Pérez Torres v. Acad. Perpetuo Socorro, supra,* pág. 1027.

### III.

En su recurso, la parte peticionaria solicitó la revisión de una *Orden* que el TPI emitió el 1 de agosto de 2024 y notificó el 2 de agosto de 2024 declarando No Ha Lugar su solicitud para presentar una *Reconvención* la cual no fue fundamentada en derecho. Además, en este dictamen, el TPI le impuso a la parte peticionaria una sanción de $2,500.00 a favor del recurrido conforme a las Reglas 9.1, 9.3 y 44.2 de Procedimiento Civil, *supra.* Específicamente, en su primer señalamiento de error, la parte peticionaria sostuvo que el TPI erró al no permitirle presentar la *Reconvención* en contra del recurrido. Por otro lado, en su segundo señalamiento de error, argumentó que el TPI erró al imponerle la sanción antes expuesta ya que era severa y excesiva y no existían fundamentos para su imposición. Le asiste la razón. *Veamos.*

De un estudio detenido de la Reconvención presentada por la parte peticionaria podemos colegir que esta es una compulsoria. Es decir, la causa de acción presentada surge del mismo evento que motivó la reclamación original. Dicho esto, como regla general, cuando las reconvenciones compulsorias no se presentan junto a la alegación responsiva – como ocurrió en el presente caso – se renuncia a la causa de acción que la motiva, pues aplica, por analogía, el principio de cosa juzgada. *SLG Font de Bardón v. Mini Warehouse Corp.,* supra, pág. 333. Así pues, ello tiene el efecto de

que queden adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que surja de los mismos eventos que motivaron la acción original. Íd.

Ahora bien, estamos conscientes de que existen unas excepciones que relevan a la parte demandada de presentar la reconvención compulsoria junto a su contestación a la demanda. Como parte de estas excepciones se encuentra presentar una reconvención compulsoria mediante una solicitud de enmienda a la alegación. Íd., pág. 334. Esta excepción se reconoce en los casos en que la parte dejó de presentar su reconvención por inadvertencia, negligencia excusable, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia. Íd. Cónsono con esto, cabe precisar que, el Tribunal tiene amplia discreción para permitir enmiendas a las alegaciones, sin embargo, tiene el deber de tomar en cuenta los siguientes factores: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte, y, por último; (4) la procedencia de la enmienda solicitada. Íd.

El Tribunal Supremo ha sido enfático al resolver que **el paso del tiempo no impide que el Tribunal admita una enmienda por lo que aún en etapas avanzadas del procedimiento se pueden permitir** que se realicen. Íd., pág. 335. Particularmente, se ha establecido que **se pueden realizar enmiendas en etapas tan avanzadas como la Conferencia con Antelación al Juicio**. Íd. Lo más importante para tomar en cuenta al momento de evaluar una solicitud de autorización para enmendar es el perjuicio que esta le pueda causar a la parte contraria. Íd. **En fin, si la presentación de la Reconvención no le causa perjuicio a la otra parte, que se solicite la enmienda tardíamente no es suficiente de por sí para denegar la autorización para enmendar.** Íd.

En el caso de autos, la solicitud para presentar la reconvención compulsoria se presentó aproximadamente dos (2) años luego de que la parte peticionaria presentara su alegación responsiva. Sin embargo, es menester resaltar el hecho de que como mencionó el Tribunal en la *Minuta* de la vista que se celebró el 21 de mayo de 2024, hubo inacción en el descubrimiento de prueba por más de siete (7) meses. **Es decir, el caso estuvo paralizado por más de siete (7) meses.** Ante ello, **el TPI movió la fecha límite del descubrimiento de prueba para el <u>30 de octubre de 2024</u> y reseñaló la Conferencia con Antelación al Juicio para el <u>4 de diciembre de 2024</u>.** Unos días después de celebrada la vista, la parte peticionaria presentó su reconvención compulsoria.

Tomando en consideración que aún no ha culminado el descubrimiento de prueba en el presente caso y que la Conferencia con Antelación al Juicio se celebrará en aproximadamente tres (3) meses, no encontramos razón por la cual no se debe permitir la presentación de la reconvención. Recordemos que, a modo de excepción, se puede presentar una reconvención compulsoria a través de una enmienda a la alegación y los Tribunales no pueden denegar la presentación de la reconvención por el mero paso del tiempo. El factor más importante por considerar en el momento de permitir la enmienda es el perjuicio que le causaría a la otra parte.

De un estudio detenido de los escritos de la parte recurrida, no surge que esta haya demostrado el perjuicio o daño que le causaría la presentación de la reconvención. Así pues, en vista de que existe una clara política judicial a favor de que los casos se ventilen en sus méritos, permitimos la presentación de la Reconvención presentada por la parte peticionaria. Aclaramos que con esta determinación no estamos prejuzgando la procedencia de la Reconvención. Dicha determinación le corresponde al TPI. En vista de lo anterior, el primer error se cometió.

Finalmente, en cuanto a la sanción por la cantidad de $2,500.00 impuesta a la parte peticionaria conforme a las Reglas 9.1, 9.3 y 44.2 de Procedimiento Civil, *supra*, determinamos dejarla sin efecto. A pesar de que el TPI, *motu propio*, puede imponer sanciones, no nos puso en posición para evaluar la procedencia de la misma ya que no fundamentó su proceder, sino que se limitó a imponerla sin fundamento alguno. En consecuencia, revocamos dicha determinación y en vista de ello se cometió el segundo señalamiento de error.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido y se le ordena al TPI a que continue los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones