Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FINANCE OF AMERICA REVERSE, LLC<br><br>Apelante<br><br>V.<br><br>GLORIA MARÍA CRUZ DELGADO T/C/C GLORIA M. CRUZ DELGADO Y OTROS<br><br>Apelados | KLAN202500301 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV04429<br><br>Sobre: Ejecución de Hipoteca *In Rem* |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de junio de 2025.

Comparece Finance of America Reverse, LLC (FAR o apelante) en solicitud de que revisemos una *Sentencia* emitida el 19 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Mediante la referida determinación, el TPI desestimó la causa de acción del apelante en contra de la señora Gloria María Cruz Delgado t/c/c Gloria M. Cruz Delgado y los Estados Unidos de América (en conjunto, apelados) de conformidad con la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, al entender que incumplió con las órdenes del Tribunal.

Por los fundamentos que expondremos a continuación, se adelanta la revocación de la determinación apelada.

**I.**

Este caso se originó el 27 de diciembre de 2023, cuando FAR presentó una *Demanda* de ejecución de hipoteca *in rem* contra la señora Cruz Delgado.[2] En esta, arguyó que la apelada obtuvo un

---

[1] Apéndice de *Apelación Civil*, Anejo III, pág. 7. Archivada y notificada el 24 de febrero de 2025.
[2] *Íd.*, Anejo IX, págs. 72-75.

préstamo garantizado por una hipoteca revertida por la suma de $154,500.00, de cuyo pagaré FAR era dueño. Adujo que como parte de sus obligaciones respecto a la propiedad, la señora Cruz Delgado se obligó a pagar y proveer evidencia sobre los pagos de impuestos, primas de seguro *Hazard*, entre otros gravámenes especiales. Así las cosas, arguyó que ante el incumplimiento con lo anterior, la hipoteca revertida se convirtió en líquida y exigible.

El 8 de mayo de 2024, FAR presentó una moción a los fines de acreditar una declaración jurada de la deuda objeto de este pleito.[3]

Acto seguido, el 13 de mayo de 2024, el apelante solicitó la anotación y sentencia en rebeldía, a tenor con la Regla 45.4 de Procedimiento Civil, *supra*, R. 45.4, ya que la señora Cruz Delgado no presentó una alegación responsiva ni peticionó una prórroga.[4]

En igual fecha, el TPI emitió una *Orden* en la que declaró No Ha Lugar a la solicitud del apelante y requirió que produjera una tabla de amortización de los pagos realizados.[5]

Sin embargo, el 14 de mayo de 2024, FAR presentó una *Solicitud de Orden*, en la que indicó que a la deudora no se le exigía realizar pagos periódicos por la naturaleza de la hipoteca.[6]

Posteriormente, el 3 de julio de 2024, el apelante presentó una *Solicitud de Orden y Reiterando Anotación y Sentencia en Rebeldía*.[7] En su escrito, peticionó que el Foro Primario se expresara en cuanto a sus mociones presentadas los días 13 y 14 de mayo de 2024 y aclarara el curso a seguir en el caso.

Eventualmente, el 24 de julio de 2024, el Foro apelado dictó una Orden en la que declaró No Ha Lugar a la solicitud de FAR.[8]

---

[3] *Íd.*, Anejo XIV, págs. 84-88.
[4] Entrada Núm. 13 del expediente del caso CG2023CV04429 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Apéndice de *Apelación Civil*, Anejo XV, pág. 89. Archivada y notificada el 14 de mayo de 2024.
[6] *Íd.*, Anejo XVI, pág. 90.
[7] *Íd.*, Anejo XVII, pág. 91.
[8] *Íd.*, Anejo XVIII, pág. 92. Archivada y notificada el 30 de julio de 2024.

Tiempo después, el 26 de agosto de 2024, el apelante presentó una *Moción Informativa* en la que solicitó dar por cumplida la *Orden* emitida el 14 de mayo de 2024 al acompañar un desglose de las cantidades adeudadas y los conceptos amortización/*pay off*.[9] Dicha petición fue declarada No Ha Lugar por el TPI mediante una Orden emitida el 16 de septiembre de 2024.[10]

El 18 de septiembre de 2024, FAR presentó una *Moción en Cumplimiento de Orden*.[11] En síntesis, solicitó dar por cumplida la *Orden* emitida el 16 de septiembre de 2024 al acompañar las *Notificaciones de Incumplimiento* remitidas a la señora Cruz Delgado, así como su evidencia de envío por correo certificado y entrega.

Subsiguientemente, los días 25 de octubre de 2024, 19 de diciembre de 2024 y 23 de enero de 2025, FAR presentó sendas solicitudes de anotación y sentencia en rebeldía.[12]

En respuesta, el 6 de febrero de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar a las solicitudes del apelante.[13] El Foro *a quo* le otorgó diez (10) días para producir la evidencia del pago de $1,326.60 que Reverse Mortgage Servicing Dept. realizó por contribuciones y seguros que la señora Cruz Delgado debía satisfacer.

Empero, el 19 de febrero de 2025, el TPI emitió una *Sentencia* en la que determinó que "[h]abiendo incumplido las órdenes del Tribunal y, no surgiendo del expediente el alegado incumplimiento para la acción que pretender ejercer, se desestima la presente causa de acción conforme la Regla 39.2 de Procedimiento Civil".[14]

Oportunamente, el 20 de febrero de 2025, el apelante presentó una *Moción en Cumplimiento de Orden y Reiterando Solicitud de*

---

[9] *Íd.*, Anejo XIX, págs. 93-98.
[10] *Íd.*, Anejo XX, pág. 99. Archivada y notificada el 18 de septiembre de 2024.
[11] *Íd.*, Anejo XXI, págs. 100-120.
[12] Entradas Núms. 22, 23 y 24 del expediente del caso CG2023CV04429 en SUMAC.
[13] Apéndice de *Apelación Civil*, Anejo XXII, pág. 121. Archivada y notificada el 10 de febrero de 2025.
[14] *Íd.*, Anejo III, pág. 7. Archivada y notificada el 24 de febrero de 2025.

*Sentencia.*[15] En esta, acompañó las certificaciones de las cuatro (4) pólizas de seguro *Hazard* contratadas y pagadas por la compañía entre los períodos del 30 de abril del 2021 al 30 de abril de 2025.

En desacuerdo con el dictamen desestimatorio, el 6 de marzo de 2025, FAR presentó una *Urgente Moción de Reconsideración a Sentencia.*[16] En esta, manifestó que el TPI erró al desestimar su causa de acción a modo de sanción ante la creencia de que incumplió con la *Orden* del 6 de febrero de 2025, que se notificó el 10 de febrero de 2025. El apelante sostuvo que presentó oportunamente su *Moción en Cumplimiento de Orden y Reiterando Solicitud de Sentencia,* puesto que el término concedido no venció hasta el 20 de febrero de 2025.

Al próximo día, el Foro Primario emitió una *Orden* en la que declaró No Ha Lugar a la reconsideración.[17]

Inconforme, el 9 de abril de 2025, FAR presentó este recurso de apelación en el que esbozó los siguientes señalamientos de error:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA ADJUDICANDO EN LOS MÉRITOS EL CASO MEDIANTE DESESTIMACIÓN AL AMPARO DE LA REGLA 39.2 DE PROCEDIMIENTO CIVIL, COMO PRIMERA SANCIÓN ANTE EL ALEGADO INCUMPLIMIENTO DE LA PARTE APELANTE CON LAS ÓRDENES DEL TRIBUNAL DE INSTANCIA, ELLO SIN HABER EMITIDO DICTAMEN EN CUANTO A LA "MOCIÓN EN CUMPLIMIENTO DE ORDEN Y REITERANDO SOLICITUD DE SENTENCIA" PRESENTADA POR LA PARTE APELANTE EL 20 DE FEBRERO DE 2025[,] EN EL CUAL SE CUMPLIÓ CON LO ORDENADO POR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ESTO TENIENDO EFECTO DIRECTO EN DESPOJAR A LA PARTE DEMANDANTE DE LA OPORTUNIDAD DE CORRECCIÓN QUE PROVEE LA REGLA 39.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL, 2009; Y DEL DEBIDO PROCESO DE LEY, Y SIN HABER CONSIDERADO LOS ARGUMENTOS PRESENTADOS EN LA MISMA.

2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA ADJUDICANDO EN LOS MÉRITOS EL CASO MEDIANTE DESESTIMACIÓN SIN HABER PROVISTO A LA PARTE APELANTE EL TÉRMINO DE TREINTA (30) DÍAS QUE PROVEE LA REGLA 39.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL, 2009, PARA CORRECCIÓN.

3. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DE DESESTIMACIÓN SIN HABER APERCIBIDO Y/O SANCIONADO PREVIAMENTE A LA

---

[15] *Íd.,* Anejo XXIII, págs. 122-136.
[16] *Íd.,* Anejo II, págs. 2-6.
[17] *Íd.,* Anejo I, pág. 1. Archivada y notificada el 10 de marzo de 2025.

PARTE APELANTE, ESTO TENIENDO EFECTO [...] DIRECTO DE DESPOJAR A LA PARTE DEMANDANTE DE LA OPORTUNIDAD DE CORRECCIÓN QUE PROVEE LA REGLA 39.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL, 2009; Y DESPOJÁNDOLO INJUSTIFICADAMENTE DE SU CAUSA DE ACCIÓN O DEFENSAS.

En esencia, el apelante planteó que el TPI desestimó su causa de acción por incumplimiento con sus órdenes, sin transcurrir el término concedido provisto para ello y sin proveer el término de treinta (30) días de corrección, según disponía la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a). Además, manifestó que el Foro *a quo* incidió al no apercibir directamente a la parte ni proveer oportunidad para cumplir con lo ordenado. Expresó que el TPI desestimó su causa de acción como primera sanción ante un alegado incumplimiento con sus órdenes, privándole de la oportunidad de litigar su caso. No obstante, FAR precisó que dio fiel cumplimiento con las órdenes del Foro Primario, dentro del término concedido.

El 22 de abril de 2025, emitimos una *Resolución* en la que concedimos treinta (30) días a los apelados para presentar su alegato. Al incumplir con lo anterior, dispondremos del asunto sin el beneficio de su comparecencia.

## II.

### A. Desestimación como sanción en la litigación civil

Un tribunal tiene la indelegable labor de garantizar que los procedimientos se ventilen sin demora y que los litigantes tengan su día en corte. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 815 (1986); *Maldonado v. Srio. Rec. Naturales*, 113 DPR 494, 497 (1982). Por ello, los foro judiciales posee la facultad de imponerle sanciones a las partes de un caso como es desestimar una causa de acción por incumplimiento con sus órdenes. *HRS Erase v. CMT*, 205 DPR 689, 703 (2020); *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1026 (2011). Ahora bien, tal proceder debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. Rec. Naturales, supra,* pág. 498.

En particular, la Regla 39.2 (a) de Procedimiento Civil, *supra,* R. 39.2 (a), dispone lo siguiente:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.** (Énfasis nuestro).

Es harto conocido que previo a imponer una sanción tan severa como la desestimación del caso, el tribunal de instancia tiene el deber de ejecutar el orden de prelación establecido por la Regla 39.2 (a) de Procedimiento Civil, *supra,* R. 39.2 (a). *Mitsubishi Motor v. Lunor y otros,* 212 DPR 808 (2023). En primer lugar, debe imponer sanciones a la representación legal de la parte, previo a privarla de su día en corte. *Íd.*; *HRS Erase v. CMT, supra,* pág. 704; *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 297 (2012); *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 224-225 (2001); *Dávila v. Hosp. San Miguel, Inc., supra,* pág. 814. De lo anterior no surtir efecto, el foro judicial tiene la obligación de notificar directamente a la parte para cerciorarse que está debidamente informada de la situación y de los efectos de no tomar alguna acción correctiva. *Mitsubishi Motor v. Lunor y otros*; *HRS Erase v. CMT, supra*; *Mejías et al. v. Carrasquillo et al., supra*; *Mun. de Arecibo v. Almac. Yakima, supra.* De continuar el incumplimiento, entonces el tribunal estará en posición de emitir la drástica sanción desestimatoria. *Íd.*

Es menester puntualizar que esta sanción prevalece únicamente cuando la desatención y el abandono total de la parte con interés en la tramitación del caso sea clara e inequívoca. *Mejías et al. v. Carrasquillo et al., supra*, pág. 298.

**III.**

En el presente caso, FAR sostuvo que el Foro Primario incidió al dictar una sentencia desestimatoria al amparo de la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a), por un alegado incumplimiento con sus órdenes. Esto, aun cuando cumplió cabalmente con el dictamen y el Tribunal no siguió el curso dispuesto en la referida regla procesal, previo a desestimar su causa de acción.

Tras un sosegado examen del expediente ante nuestra consideración, concluimos que le asiste la razón al apelante.

En este caso, el 6 de febrero de 2025, el TPI emitió una *Orden* en la que le otorgó diez (10) días al apelante para producir una evidencia de pago. La Secretaría del Tribunal notificó esta determinación a las partes el 10 de febrero de 2025. A partir de tal fecha de determinación comenzó a decursar el término concedido para que FAR cumpliera con la *Orden* del Foro *a quo*. De esta manera, el apelante presentó oportunamente su *Moción en Cumplimiento de Orden y Reiterando Solicitud de Sentencia* dentro de los diez (10) días concedidos por el TPI, al realizarlo el último día del término legal disponible, el 20 de febrero. Ante ello, el TPI erró al imponer la severa sanción de desestimación por incumplimiento con sus órdenes, previo a que venciera el propio término que concedió. Asimismo, el Foro Primario incumplió con la regla procesal, considerando la desestimación con la que castigó al apelante sin haber procedido con procedimiento de apercibir y sancionar tanto a los abogados como a la parte por el alegado incumplimiento con las determinaciones del Tribunal, previo a imponer la drástica sanción de desestimación. Véase Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a).

Por lo anterior, procede revocar la determinación apelada para que el Foro Primario atienda la *Moción en Cumplimiento de Orden y Reiterando Solicitud de Sentencia* presentada por FAR, de manera oportuna y según corresponda conforme a Derecho.

**IV.**

Por las razones que anteceden, se revoca la determinación apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones